UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MORGAN HARRIS, JR., | ) | CASE NO. 1:11 CV 2142 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On October 11, 2011, Plaintiff *pro se* Morgan Harris, Jr. filed this 42 U.S.C. § 1983 action against the State of Ohio, People of Probate Court, Northcoast Behavioral Healthcare System, and Adam HS Board of Cuyahoga County.  The Complaint, while unclear, alleges Plaintiff was cleared of four misdemeanor charges in February 2010.  Plaintiff was taken by policemen to the psychiatric ward of St. Vincent Charity Hospital in March and May 2010.  He later spent time in the Cleveland House of Corrections, and was later taken from there to  Northcoast Behavioral Health Care, West 25th Campus.   He is currently residing at Northcoast Behavioral Health Care, Northfield Campus. Plaintiff complains psychiatric medicine has been forced on him at various times.  He seeks damages in the amount of a trillion and one dollars per day.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Nor does a complaint suffice if it tenders naked

assertion devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*      Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid  claim against any of the named Defendants.  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  There are simply no facts set forth in the Complaint directly associating specific conduct, policies or customs of Defendants to any of the claims Plaintiff seeks to assert.

In light of the foregoing, the Complaint is subject to dismissal on its face.  *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see also*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE


October 24, 2011

2